UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JENNIFER HENRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 2:09-cv-217-WTL-WGH ) |
| SCOTT HOGARTH AND JULIE STOUT, | ) ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendants' motion for summary judgment. The motion is fully briefed and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion. Specifically, the Plaintiff's complaint names two defendants: Scott Hogarth and Julie Stout. The Plaintiff concedes that Stout is entitled to summary judgment on the claims against her; accordingly, the motion is **GRANTED** with regard to the claims against Stout, and the remainder of this Entry addresses only the claims the Plaintiff asserts against Hogarth. With respect to those claims, the motion for summary judgment is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476

F.3d 487, 490 (7th Cir. 2007). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.*

## FACTS

The facts as viewed in the light most favorable to Plaintiff Jennifer Henry, the non-moving party, are as follow.

While incarcerated at the Rockville Correctional Facility in Rockville, Indiana, Henry was sexually assaulted by correctional officer Scott Hogarth. At the time of the assault, Henry was working as a dorm porter, which involved cleaning restrooms and other cleaning duties. Henry's work shift was from 11:00 p.m. until 4:00 a.m. At some point during her shift on July 16, 2008, Hogarth instructed Henry to go into a supply closet to get some soap. Henry's testimony regarding what happened next is as follows:

> A: When I turned around, he had his arm blocked where I couldn't get out of the room and gestured down to his area and unzipped his pants.
>
> Q: Did he say anything?
>
> A: No, he just pointed down there.
>
> Q: And what happened next?
>
> A: I did what he wanted. I want[ed] to go home and I only had three weeks left.
>
> Q: And what he wanted was oral sex?
>
> A: Obviously.

Henry Deposition at 18. Henry further testified that there was only one other person in the vicinity at the time, and that person was unable to see what was happening in the closet because the door was partially closed and Hogarth was blocking the opening with his body. She was

afraid if she reported what happened she would be placed in solitary confinement and her release date would be delayed because of the ensuing investigation. On the day of her release, she reported the incident to the Indiana State Police.

**DISCUSSION**

Henry brings this action pursuant to 42 U.S.C. § 1983, asserting that Hogarth's actions violated her Fourth Amendment right to be free from unreasonable seizures. Henry's complaint also asserts state law claims of battery, false imprisonment, and negligent and intentional infliction of emotional distress. Hogarth moves for summary judgment on several grounds, each of which is addressed, in turn, below.

*Henry's § 1983 Claim*

Hogarth makes two arguments with respect to Henry's § 1983 claim. First, he notes that an official capacity suit against a state employee is a claim against the state itself and that the State of Indiana is entitled to sovereign immunity as to such claims. In addition, he notes that a state is not a "person" as defined by § 1983 and therefore a § 1983 claim may not be pursued against a state, either directly or via an official capacity suit against a state employee. While these are both correct statements of law, they are irrelevant to the instant case, inasmuch as Henry has not brought an official capacity suit against Hogarth, but rather has sued him in his individual capacity.[1]

---

[1] Hogarth seems to confuse (or perhaps conflate) the concept of official capacity with the concept of acting within the scope of employment. A defendant who acted within the scope of his or her employment may still be sued under § 1983 in his or her individual capacity. *See, e.g.*, *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 637 (7th Cir. 2009). In a § 1983 suit in which the complaint does not specify whether a defendant is sued in his individual or official capacity, which is the case here, the relevant question is not whether the defendant acted within the scope of his or her employment, but rather whether he is alleged to have acted pursuant to an official policy or custom. *See Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) (if complaint

3

Hogarth next takes issue with Henry's assertion that the alleged sexual assault violated the Fourth Amendment because it constituted an unreasonable seizure. According to Hogarth, the following test must be applied to determine whether a seizure occurred for Fourth Amendment purposes: "whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." Hogarth Brief at 16 (quoting *Florida v. Bostick*, 501 U.S. 429, 437 (1991)). In Hogarth's estimation, a reasonable person in Henry's position "would have ignored Hogarth or refused to perform any sex acts." Perhaps. However, given the particular circumstances of this case, the Court does not believe that how a reasonable person would have reacted to the situation alleged by Henry is appropriately decided as a matter of law. Viewing the facts in the light most favorable to Henry, she–a prisoner– found herself in a relatively isolated supply closet in the middle of the night with a correctional officer who blocked the door, unzipped his pants, and made it clear that he wanted her to perform oral sex. It is not a stretch to believe that a correctional officer who would act so inappropriately would not simply take no for an answer, or would retaliate against Henry in some way if she refused his "request." Henry's testimony is that she believed she had no choice but to do as Hogarth wanted. Whether that belief was reasonable is a question for the jury to decide. *Cf. Carlson v. Bukovic*, 621 F.3d 610, 621 (7th Cir. 2010) (finding question of whether seizure occurred to be for jury).

---

fails to specify capacity in which defendant is sued, "[w]here the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity").

*Henry's State Law Claims*

With regard to Henry's state law tort claims, Hogarth first argues that the *Younger* abstention doctrine bars those claims because Henry has filed an action in state court asserting the same claims against the State of Indiana based upon the theory of *respondeat superior*. "The *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). That is not the situation here. The *Younger* abstention doctrine is simply irrelevant to cases such as this one in which a plaintiff "merely is pursuing parallel remedies" in state and federal courts. *Nader v. Keith,* 385 F.3d 729, 731-32 (7th Cir. 2004) (calling the assertion of the doctrine in such circumstances "frivolous"). As the Nader court noted, "[f]ederal courts do sometimes stay their hand when parallel state judicial or administrative proceedings are pending ("*Colorado River*" abstention, *see, e.g.*, *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004); *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849 (7th Cir. 2002), or "*Burford*" abstention, *see, e.g.*, *International College of Surgeons v. City of Chicago*, 153 F.3d 356, 361-65 (7th Cir. 1998))." *Nader*, 385 F.3d at 732. However, here, like the defendant in *Nader*, Hogarth "has made no effort to fit this case to that mold." *Id.*

Hogarth also argues that Henry's state law claims are barred by Indiana Code 34-13-3-5(b) which provides, in relevant part:

> A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee … whose conduct gave rise to the claim resulting in that judgment or settlement. A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally.

Henry's complaint in this case unequivocally alleges that Hogarth acted within the scope of his employment at all relevant times. While Henry disavows that allegation in her response in

5

opposition to the instant motion, she has not moved to amend her complaint to remove it. Even if such a motion were made and granted, the fact remains that Henry also has filed a state court case against the state in which she makes the same allegation. The clear and unambiguous language of Indiana Code 34-13-3-5(b) provides that Henry's "lawsuit alleging that [Hogarth] acted within the scope of [his] employment bars an action by [Henry] against [Hogarth] personally." Accordingly, Hogarth is entitled to summary judgment on Henry's state law tort claims against him.

## **CONCLUSION**

For the reasons set forth above, the Defendants' motion for summary judgment is **GRANTED** in its entirety as to Defendant Stout and also is **GRANTED** with regard to the state law claims against Defendant Hogarth. The motion is **DENIED** with regard to Henry's § 1983 claim against Defendant Hogarth.

The final pretrial conference date of May 27, 2011, and the trial date of June 20, 2011, are confirmed. Counsel are reminded of their pretrial preparation obligations set forth in part VIII of the case management in this case, which require certain filings beginning two weeks prior to the final pretrial conference.

SO ORDERED: 02/23/2011

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification